Brinkerhorr, J.
The controlling questions in this case, and the only ones we shall refer to, are those arising from the order of the court below sustaining the demurrer to the answer number two. The first question is as to the sufficiency of that answer as a complete defense to the action, in toto, of the plaintiff below.
That a parol post-nuptial agreement made between husband and wife, in view of a voluntary separation, and fully executed on the part of the husband, whereby, for a consideration which, in the light of all the circumstances of the parties at the time the contract is made, is fair, reasonable, and just, the wife relinquishes all claim to a distributive share of the husband’s personal estate, *484 in case she survive him, will bo upheld and enforced in equity, and that the intervention of a trustee is unnecessary, are propositions now too firmly settled to require the citation of many authorities for their support. I therefore content myself with citing the cases of Thomas v. Brown, 10 Ohio St. 247; Houghton v. Houghton, 14 Ind. *505; Wilson v. Wilson, 1 House of Lords Cases, 538; and Dillinger’s Appeal, 35 Penn. St. 357.
But, in respect to contracts of this, and of a kindred kind, equity is properly somewhat jealous of the influence which it is commonly in the power of the husband to exert in their procurement, however that influence may arise—whether from her lingering fondness and habitual deference, the restraint of his presence, his superior knowledge of business and values, or his powers of coercion and annoyance. Hence it is an essential element of the proposition above stated, that the terms of the contract in favor of the wife shall be fair, reasonable, and just to her, in view of all the circumstances of the c.ase and of the parties at the time the contract is made. If the contract be relied on in pleading, either as a cause of action or as matter in defense, the pleading must contain averments which show the contract to have been fair, reasonable, and just to her under the then existing circumstances. If it become a question of fact, the proof must lead the mind of the chancellor satisfactorily to the same conclusion. It is not sufficient, either as a matter of pleading or of proof, to set up the naked contract and its execution by the husband. In addition to this, facts must be averred, or proved, or both, as the exigencies of the case may require, showing that the terms of the contract in favor of the wife were fair, reasonable, and equitable, under the circumstances of the parties at the time it was made. And this doctrine runs through all the cases bearing on the subject.
Tried by these principles, the second defense set up in the defendant’s answer is defective, as a complete bar to the plaintiff’s action, as set forth in her petition; for it sets up the naked contract between the husband and wife, and its execution on the part of the husband, unaccompanied by averments showing the fairness, reasonableness, and equitable character of its provisions in her favor, in view of all the circumstances of the case. In so far then as the said second defense was set up as a complete bar to the plaintiff's petition, we are of the opinion that there was no error in the court below in sustaining the demurrer thereto.
*485 But the further question remains, whether the facts stated *in the same answer do not constitute a good defense to a part of the cause of action claimed by the plaintiff below in her petition ? That answer not only alleges the making of the post-nuptial contract between the husband and the wife, but avers the 'full execution of it on the part of the husband, in the payment by him, and the acceptance by her, under the contract, of the sum of seven hundred dollars. We are of opinion that these facts, prima facie, constitute a good equitable defense to the action of the plaintiff below, as to that sum, and that the court below ought to have so held. For error in failing to do so, the judgment will be reversed; and the cause will be remanded to- the court of common pleas, where counsel for the defendant below will have an apportunity to consider the question whether they are able so to amend their pleadings, and to adduce such proofs as will render the alleged post-nuptial agreement a full bar to the action.

Judgment accordingly.

Scott, C. J., and Day, White, and Welch, JJ., concurred.